UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Chahine Shields,<br><br>    Plaintiff,<br><br>v.<br><br>Mukhtar Abdulkadir, individually and in his official capacity; Ka Lee Yang, individually and in his official capacity; and the City of Minneapolis,<br><br>    Defendants. | **COMPLAINT**<br><br>Court File No.<br><br>**<u>JURY TRIAL REQUESTED</u>** |

## I.   PRELIMINARY STATEMENT

1. Mark Chahine Shields was waiting to drive into an automatic carwash behind a vehicle driven by defendant Mukhtar Abdulkadir. Though the carwash was empty, Abdulkadir did not drive in though he was next in line. When Mr. Shields tried to get Abdulkadir's attention and ask him to drive into the carwash so that others behind him in line could get their cars washed, defendant Abdulkadir, acting under authority of his position as a Minneapolis police officer, physically seized Mr. Shields, threw him to the ground, and repeatedly hit him in the head and upper body. Defendant Ka Lee Yang later responded to the scene and, though Mr. Shields was not resisting or fighting, proceeded to kick Mr. Shields in the upper body. Thereafter, even though Mr. Shields was detained and helpless, defendant Abdulkadir continued to hit him in the head. Thereafter, in an attempt to cover up his unlawful use of force against Mr. Shields, defendant Abdulkadir wrongly, falsely and maliciously caused Mr. Shields to

be charged with the offense of disorderly conduct. Ultimately, the charge was dismissed.

2. Plaintiff now commences this action against the above defendants for violations of his rights under the United States Constitution including his right under the Fourth Amendment not to be subject to unreasonable search or seizure or unreasonable force. Plaintiff's claims against the individual defendants are grounded in 42 U.S.C. § 1983.

3. Plaintiff demands that this action be tried to a jury.

## II.   PARTIES

4. Plaintiff Mark Chahine Shields is a resident of the City of Minneapolis, County of Hennepin, State of Minnesota.

5. Defendant Mukhtar Abdulkadir at all times relevant hereto was a law enforcement officer employed by the City of Minneapolis acting within the course and scope of his employment and under color of law.

6. Defendant Ka Lee Yang at all times relevant hereto was a law enforcement officer employed with the City of Minneapolis acting within the course and scope of his employment and under color of law.

7. The City of Minneapolis is a municipal corporation organized under the laws of the State of Minnesota and, at all times relevant hereto, the employer of Defendants Abdulkadir and Yang.

## III.   JURISDICTION

8. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C.

§§ 1331, 1343 (a)(3) and (4) and 1367 (a) and the aforementioned statutory and constitutional provisions. Plaintiff also invokes the supplemental jurisdiction of the court as to his claim under Minnesota law.

## IV. FACTS

9. On February 20, 2013, at approximately 11:30 p.m., plaintiff, Mark Chahine Shields together with Samantha Christine Hatgidakis, were in Mr. Shields' Toyota Prius. Mr. Shields was driving and Ms. Hatgidakis was sitting in the front passenger seat.

10. On this date at approximately this time, Mr. Shields drove into the Bobby and Steve's Auto World service station located at 1221 Washington Avenue South in the City of Minneapolis, County of Hennepin, State of Minnesota.

11. After driving into the service station, Mr. Shields drove to the automatic carwash and stopped his vehicle behind another car that was ahead of him and apparently waiting to drive into the automatic carwash.

12. This vehicle that was directly in front of Mr. Shields was driven by the defendant, Mukhtar Abdulkadir.

13. After some time, the automatic carwash became empty after the vehicle that had been in the carwash pulled out. At this time Mr. Shields expected that the vehicle in front of him, driven by Mr. Abdulkadir, would then drive into the carwash and things would proceed in the usual fashion.

14. Defendant Abdulkadir however did not do so.

15. After waiting for some time, another driver in line behind Mr. Shields beeped his car horn in an effort to get the attention of the driver in the vehicle in front of the line,

defendant Abdulkadir, so that he would realize that the carwash was empty and he would proceed ahead. Mr. Shields then also beeped his car horn in an effort to get Mr. Abdulkadir's attention.

16. Defendant Abdulkadir did not respond nor did he drive into the carwash.

17. After waiting an additional period of time, Mr. Shields got out of his car and walked up towards the vehicle in front of him.

18. Before Mr. Shields reached this vehicle, the driver, defendant Abdulkadir, got out of the car from the driver's door and walked towards Mr. Shields.

19. At this point Mr. Shields attempted to explain to Mr. Abdulkadir that he just needed to pull forward and that he could then enter the carwash, get his car washed, and then the drivers of the vehicles behind him could get their cars washed.

20. Rather than entering the car wash, defendant Abdulkadir started threatening Mr. Shields saying words to the effect of "I am a police officer" while displaying his badge and saying "you are going to jail, why are you honking?"

21. Defendant Abdulkadir repeated statements to this effect a number of times all the while Mr. Shields was simply asking him to please pull his car forward.

22. After a short while, defendant Abdulkadir got on his cellphone. Upon information and belief, Abdulkadir then called the Minneapolis Police Department dispatch and falsely reported that Mr. Shields had tried to rear end the back of his vehicle.

23. After going into the service station for assistance, Mr. Shields returned to his vehicle, spoke briefly with Mr. Abdulkadir, and then decided that he was just going to leave.

He was unable to do so as defendant Abdulkadir grabbed Mr. Shields by the coat preventing him from leaving.

24. At the point when defendant Abdulkadir seized Mr. Shields, he had no reasonable articulable basis to suspect that Mr. Shields had been engaged in any criminal activity or otherwise committed any act that even arguably would have made such seizure lawful.

25. Nonetheless, defendant Abdulkadir increased his use of force against Mr. Shields by grabbing him and then throwing him to the ground.

26. Thereafter, defendant Abdulkadir pulled Mr. Shields' arms behind his back and proceeded to repeatedly punch him in the head and upper body.

27. At approximately this point in time, defendant Ka Yang, who was then an on duty uniformed Minneapolis police officer, ran up to defendant Abdulkadir who was on top of Mr. Shields who in turn was lying on the ground on his stomach. Defendant Yang then proceeded to kick Mr. Shields in the upper body.

28. Immediately thereafter, while Mr. Shields was lying on the ground on his stomach with his arms behind his back and defendants Abdulkadir and Yang on top of him, defendant Abdulkadir again punched Mr. Shields in the head.

29. Thereafter, one of the defendants placed Mr. Shields in handcuffs.

30. Thereafter, even though he was handcuffed, Mr. Shields was again struck or punched by defendant Abdulkadir.

31. At no time did Mr. Shields engage in any disorderly conduct, including any brawling or fighting, nor did any officer ever have a reasonable or arguable basis to believe he did so.

32. Nonetheless, defendant Abdulkadir proceeded to arrest Mr. Shields for the offense of disorderly conduct, brawling or fighting, in violation of Minn. Stat. §609.72, subd. 1(1) though defendant Abdulkadir knew that there was no arguable probable cause to arrest Mr. Shields or charge him with such offense.

33. Nonetheless, defendant Abdulkadir thereafter initiated criminal proceedings against Mr. Shields by issuing him a citation charging him with the above offense and, on or about May 2, 2013, filing such citation in Hennepin County District Court.

34. As a result of these actions of defendant Abdulkadir, Mr. Shields was prosecuted in Hennepin County District Court under case number 27-CR-13-13531.

35. On August 13, 2013, the criminal proceedings in case number 27-CR-13-13531 were terminated in Mr. Shields' favor when all charges against him were dismissed.

36. As a result of the actions of the above-named defendants, plaintiff Mark Chahine Shields suffered significant injury including to his head, face, jaw, neck and knee as well as other injuries; as a result, he was required to retain criminal defense counsel and incur attorney's fees; as a result, plaintiff Mark Chahine Shields has in the past and will in the future incur expenses necessary for the care and treatment of these injuries; as a result, he has in the past and will in the future suffer great pain, disability, embarrassment and emotional distress. Therefore, plaintiff Mark Chahine

Shields has been damaged in an amount greater than Fifty Thousand and no/100 ($50,000) Dollars.

## V. FEDERAL CLAIMS AGAINST DEFENDANTS ABDULKADIR AND YANG IN THEIR INDIVIDUAL CAPACITIES.

*Count I. 42 U.S.C. § 1983: Unreasonable Seizure in Violation of the Fourth Amendment.*

Plaintiff realleges the above allegations as if here and after set forth in full and further states and alleges as follows.

37. Mr. Shields was seized within the meaning of the Fourth Amendment when defendant Abdulkadir physically grabbed him and then threw him to the ground. Such seizure was unreasonable as there was not then arguable reasonable suspicion to believe that Mr. Shields had committed any crime. Further, Mr. Shields was thereafter arrested by defendant Abdulkadir when he was placed in handcuffs and thereafter detained for the offense of disorderly conduct in violation of Minn. Stat. § 609.72, subd. 1(1) though there was not then arguable probable cause to believe that Mr. Shields had committed such offense thereby depriving Mark Shields of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure in violation of 42 U.S.C. §1983.

38. That such conduct of defendant Abdulkadir was objectively unreasonable and the unlawfulness of such actions was apparent in light of the then clearly established law.

39. That as a result of the actions of defendant Abdulkadir in unreasonably seizing Mr. Shields without arguable reasonable suspicion and arresting him without arguable

probable cause, he sustained the injuries and incurred the damages as set forth in paragraph 36 above.

*Count II: 42 U.S.C. § 1983: Unreasonable Use of Force in Violation of the Fourth Amendment.*

Plaintiff realleges the above allegations as if here and after set forth in full and further states and alleges as follows.

40. Defendant Abdulkadir used force that was unreasonable in light of the then existing circumstances as judged from the perspective of a reasonable police officer at the scene when he, among other things, physically threw the plaintiff to the ground and then struck him repeatedly in the head and other parts of his body thereby depriving Mark Chahine Shields of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable force in violation of 42 U.S.C. §1983.

41. Defendant Yang used force that was unreasonable in light of the then existing circumstances as judged from the perspective of a reasonable police officer at the scene when he, among other things, kicked Mr. Shields while Mr. Shields was on the ground with Officer Abdulkadir on top of him though Mr. Shields was not resisting or fighting, thereby depriving Mark Chahine Shields of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable force in violation of 42 U.S.C. §1983.

42. Such conduct of defendants Abdulkadir and Yang was objectively unreasonable and the unlawfulness of such actions was apparent in light of the then clearly established law.

43. As a result of the actions of defendants Abdulkadir and Yang, plaintiff sustained the injuries and incurred the damages as set forth in paragraph 36 above.

## VI.   PUNITIVE DAMAGES

*Count III: Punitive Damages Under federal law*

Plaintiff re-alleges the above allegations as if here and after set forth in full and further states and alleges as follows.

44. All of the aforementioned acts, errors and omissions of Defendants Abdulkadir and Yang were committed in bad faith and with reckless disregard for the rights and safety of the plaintiff as well as other citizens so as to subject said Defendants to punitive damages pursuant to the statutes and common law of the United States of America.

## VII.   STATE CLAIM AGAINST DEFENDANT ABDULKADIR IN HIS OFFICIAL CAPACITY AND THE CITY OF MINNEAPOLIS

*Count IV: Malicious prosecution.*

Plaintiff re-alleges the above allegations as if here and after set forth in full and further states and alleges as follows.

45. Defendant Abdulkadir initiated criminal proceedings against the plaintiff, a citation filed as Hennepin County District Court Case Number 27-CR-13-13531, charging plaintiff with the offense of disorderly conduct, brawling or fighting, in violation of Minn. Stat. §609.72, subd. 1(1).

46. Such criminal proceedings were initiated without probable cause and with malice.

47. The criminal proceedings were terminated in the plaintiff's favor when the charge of disorderly conduct was dismissed on August 13, 2013.

48. As a result of the actions of defendant Abdulkadir, acting within the course and scope of his employment with the City of Minneapolis, plaintiff sustained injuries and incurred damages as set forth in paragraph 36 above.

## VIII.   PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays that this Court grant him relief as follows:

1. Awarding judgment in favor of Mark Chahine Shields against the defendants jointly and severally, in an amount greater than $50,000.00 as and for compensatory damages.

2. Awarding judgment in favor of Mark Chahine Shields against defendants Abdulkadir and Yang in an amount greater than $50,000.00 as and for punitive damages pursuant to 42 U.S.C. § 1983.

3. Awarding plaintiff Mark Chahine Shields his reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

4. Awarding plaintiff his reasonable costs and disbursements incurred herein.

5. For such other and further relief as to the Court is just and equitable.

GOETZ & ECKLAND P.A.

By: _____
FREDERICK J. GOETZ (#185425)
Exposition Hall at Riverplace
43 Main Street S.E., Suite 505
Minneapolis, MN 55414
(612) 874-1552

ATTORNEY FOR PLAINTIFF